UNITED STATES of America, Plaintiff—Appellee,

v.

Charlotte THOI, Defendant—Appellant.

No. 05–10090.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 5, 2005.*

Decided Dec. 12, 2005.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**32**

Darcy A. Cerow, AUSA, USPX—Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

Jeanette E. Alvarado, Esq., FPDAZ—Federal Public Defender's Office, Phoenix, AZ, for Defendant–Appellant.

Before: GOODWIN, W. FLETCHER, and FISHER, Circuit Judges.

## MEMORANDUM **

Charlotte Thoi appeals the district court's revocation of her supervised release and the 24–month sentence imposed

** This disposition is not appropriate for publication and may not be cited to or by the

upon revocation. We have jurisdiction pursuant to 28 U.S.C. § 1291. As Thoi did not object in the district court we apply the plain error standard of review, *see Jones v. United States,* 527 U.S. 373, 388, 119 S.Ct. 2090, 144 L.Ed.2d 370 (1999), and we affirm.

Thoi contends that the district court "affirmatively misadvised" her of the consequences of admitting violations of her supervised release when it did not inform her that it could impose a term of supervised release following her prison sentence. However, because the district court is not required to advise a defendant of the maximum term of supervised release, it may impose upon revocation of supervised release, *see* Federal Rules of Criminal Procedure 32.2, appellant's contention fails. *See United States v. Segal,* 549 F.2d 1293, 1298 (9th Cir.1977) (noting the protections of Rule 11 do not apply to probation revocation proceedings).

Further, the district court did not commit plain error in misadvising Thoi prior to her admissions that "she could be sentenced to up to two years" when she could have received a higher sentence, because her actual two-year-sentence comported with the district court's original statements. *See Johnson v. United States,* 520 U.S. 461, 467, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997).

Thoi also contends that, because she was arrested pursuant to an unsworn warrant, the district court lacked jurisdiction over the revocation proceedings. However, as Thoi was arrested *during* the term of her supervised release, the district court had proper jurisdiction. *See United States v. Ortuno–Higareda,* 421 F.3d 917, 921–22 (9th Cir.2005). As Thoi's arrest

courts of this circuit except as provided by 9th Cir. R. 36–3.

was pursuant to 18 U.S.C. § 3583(e)(3), which implicitly permits warrantless arrests, "noncompliance with the Warrant Clause" does not create "a jurisdictional defect where revocation occurs before expiration of the supervised release term." *Id.* at 921.

AFFIRMED.